OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Whitten, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.

The State of Ohio ex rel. Lantz, Appellant, v. Industrial
Commission of Ohio et al., Appellees.
     [Cite as State ex rel. Lantz v. Indus. Comm. (1993),
     Ohio St.3d     .]
Civil procedure -- Civ.R. 56 permits a motion for summary
     judgment "only with leave of court" and not as a matter of
     course, when -- Civ.R. 12(B)(6) motion to dismiss does not
     require leave of court.
     (No. 92-1418 -- Submitted January 5, 1993 -- Decided
February 24, 1993.)
     Appeal from the Court of Appeals for Franklin County, No.
91AP-956.
     On September 5, 1986, appellant-claimant, Terry L. Lantz,
injured his low back in the course of and arising from his
employment with appellee E.G. Smith Construction Products,
Inc., and his claim for workers' compensation benefits was
allowed.  In 1990, appellee Industrial Commission of Ohio
granted claimant's motion for permanent total disability
benefits, stating:
     "This order is based particularly upon the reports of
Doctors Casiano, Thompson and McCloud, a consideration of the
claimant's age, education, work history and other disability
factors including physical, psychological and sociological,
that are contained within the Statement of Facts prepared for
the hearing on the instant Application, the evidence in the
file and the evidence adduced at the hearing."
     Appellee-employer sought reconsideration of the
commission's order.  The commission voted to rehear the matter,
citing the then just-released decision in State ex rel. Noll v.
Indus. Comm. (1991), 57 Ohio St. 3d 203, 567 N.E.2d 245.  The
reconsideration order directed that "[a]ll prior orders remain
in full force and effect until such time as the Industrial
Commission rehears the question and issues its final order."
     Challenging the commission's jurisdiction, claimant filed
a complaint in mandamus in the Court of Appeals for Franklin
County, seeking to vacate the order granting reconsideration.
The referee in the court of appeals, at pretrial conference,
concluded that the action "might be appropriately determined by

motion for summary judgment," and agreed to entertain the parties' motion for leave to file for summary judgment. Appellees jointly sought leave to file for summary judgment, asserting that the cause of action was premature, given the pendency of the commission's merit reconsideration of claimant's application for permanent-total-disability compensation. Claimant also sought leave to file for summary judgment, but did not explain why summary judgment was either appropriate or necessary.

The referee granted leave to appellees and denied it to claimant. As to the latter, she reasoned that:

"Relator's [claimant's] motion, filed without explanation of the necessity therefor, would appear to complicate the summary judgment procedure unnecessarily * * *. Relator will have the opportunity to present his evidence and argument on the prematurity issue by way of memorandum and exhibits as set forth in Civ. R. 56."

Claimant unsuccessfully objected to the referee's order.

Appellees filed a "Joint Motion to Dismiss or, in the alternative, Motion for Summary Judgment." Claimant countered with a "Response to Respondent's Joint Motion for Summary Judgment." Claimant did not reply to the motion to dismiss. The referee ultimately proceeded on the motion to dismiss and, finding no claim upon which relief could be granted, recommended dismissal. Claimant filed objections to the report. The court of appeals adopted the referee's report and dismissed the action.

This cause is before this court upon an appeal as of right.

R.E. Goforth Co., L.P.A., and Terrance J. McGonegal, for appellant.

Lee I. Fisher, Attorney General, Cordelia A. Glenn and Gerald H. Waterman, Assistant Attorneys General, for appellee Industrial Commission.

Vorys, Sater, Seymour & Pease and Steven M. Loewengart, for appellee E.G. Smith Construction Products, Inc.

Per Curiam. Claimant contends that the appellate court erred in dismissing his complaint. He also claims that due process was violated by the appellate court. We disagree with both assertions and affirm the judgment of the court of appeals.

Claimant's due-process argument is apparently twofold - - that he was denied the opportunity to seek summary judgment and that the appellate court erroneously disposed of the case on Civ. R.12(B)(6) grounds. Both acts, claimant urges, deprived him of notice and an opportunity to be heard. This argument lacks merit.

Claimant initially contends that the denial of his leave to file summary judgment eliminated his "right to participate" in summary judgment proceedings. Contrary to claimant's representation, however, he has no right to file a motion for summary judgment. Ohio Civ. R. 56 permits a motion for summary judgment "only with leave of court" if the case has been set for trial or pretrial, and not as a matter of course. Claimant, moreover, was not excluded from summary judgment participation. Claimant filed both a response to appellees' joint motion for summary judgment and objections to the

referee's report.

Claimant also opposes, on due-process grounds, the appellate court's decision to sustain appellees' Civ. R. 12(B)(6) motion, arguing that "[t]he referee never authorized the dismissal motion nor gave actual notice to the relator so he could respond." This argument is unconvincing since a dismissal motion, unlike that for summary judgment, does not require leave of court. It is also unclear as to what notice claimant believes he was entitled. Claimant responded to the summary judgment portion of appellees' "Joint Motion to Dismiss or, in the alternative, Motion for Summary Judgment," so he knew that the dismissal motion was also awaiting disposition. Claimant could have opposed the 12(B)(6) motion when he challenged summary judgment, but chose not to do so.

We also affirm the appellate court's dismissal of claimant's action as being premature. At this point, claimant's ability to establish a clear legal right to relief is compromised by his inability to demonstrate any loss. In this case, the commission's reconsideration order effectively continued permanent-total-disability benefits pending a merit reconsideration of his application, pursuant to Noll, supra. Since no deprivation has yet occurred, there is nothing from which claimant can seek relief. If the commission ultimately denies permanent-total-disability benefits, then a mandamus review of the commission's continuing jurisdiction to reconsider may be appropriate.

For the reasons set forth above, we affirm the judgment of the court of appeals.

Judgment affirmed.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.